**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

CHARLOTTE LOQUASTO, et al.        §
                                  §
VS.                               §        CIVIL ACTION NO. 3:19-cv-01455-B
                                  §
FLUOR CORPORATION, INC.,          §
et al.                            §                 JURY

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO
PLAINTIFFS' ORIGINAL PETITION**

Defendant Alliance Project Services, Inc., ("APS") for its Answer to Plaintiffs' Original Petition, states and alleges as follows.  By filing this Answer, APS does not intend to waive, and specifically preserves, its defense that personal jurisdiction is lacking over it in the State of Texas.

1.      In response to Paragraph 1 (the paragraph beneath "Plaintiffs' Original Petition"), APS states that the paragraph states prefatory material to which no response is required.  To the extent a response is required, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the identities of the Plaintiffs and their status as proper parties and denies that Plaintiffs have a cause of action against APS.  To the extent any allegation is not expressly admitted in this or any other paragraph, it is denied.

2.      In response to Paragraph 2 (the paragraph beneath "Overview of Lawsuit"), APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in death and injuries.  APS denies the remaining allegations.

3.      In response to Paragraph 3, APS denies the allegations in the first sentence.  As to the second sentence, APS lacks knowledge or information sufficient to form a belief about the

truth of the allegations as to the identities of the Plaintiffs and their status as proper parties and denies that Plaintiffs have a cause of action against APS.  APS denies the remaining allegations.

4.      In response to Paragraph 4, APS states, on information and belief, that on November 12, 2016, persons were gathering for a run.  APS admits that Ahmed Nayeb was at the Bagram Air Field on November 12, 2016.  APS admits it provided Fluor Intercontinental, Inc. certain labor supply management services related to Ahmed Nayeb.  APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

5.      In response to Paragraph 5, APS denies the allegations to the extent they relate to APS and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

6.      APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      In response to Paragraph 7, APS denies the allegations to the extent they relate to APS and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

8.      APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 refer to the prior allegations in the Petition and APS incorporates by reference its responses to the prior allegations.  APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                    **2**
**PLAINTIFFS' ORIGINAL PETITION**

death and injuries.  APS denies the allegations to the extent they relate to APS.  APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

11. APS denies the allegations in Paragraph 11.

12. In response to Paragraph 12 (the paragraph beneath "Discovery Control Plan"), APS states that the paragraph states matters to which no response is required.  To the extent a response is required, APS denies the allegations.

13. In response to Paragraph 13 (the paragraph beneath "Rule 47 Statement"), APS states that the paragraph states matters to which no response is required.  To the extent a response is required, APS denies the allegations.

14. In response to Paragraph 14 (the paragraph beneath "Parties," "Plaintiffs," and "Family of PFC Tyler Ibuelt"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. In response to Paragraph 19 (the paragraph beneath "Family of Staff Sgt. John Perry"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO PLAINTIFFS' ORIGINAL PETITION**     **3**

20.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     In response to Paragraph 23 (the paragraph beneath "Family of SFC Allan E. Brown"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

24.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     In response to Paragraph 26 (the paragraph beneath "Family of Peter Provost"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

27.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO PLAINTIFFS' ORIGINAL PETITION**                    **4**

31.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

33.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33.

34.     In response to Paragraph 34 (the paragraph beneath "Family of Jarrold Reeves"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

35.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35.

36.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.     In response to Paragraph 42 (the paragraph beneath "Survivors"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

43.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO PLAINTIFFS' ORIGINAL PETITION**                                                                         **7**

64.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.     APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     In response to Paragraph 74 (the paragraph beneath "Defendants"), APS admits on information and belief that Fluor Corporation, Inc. is a Delaware corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                              **8**
**PLAINTIFFS' ORIGINAL PETITION**

75.     In response to Paragraph 75, APS admits on information and belief that Fluor Enterprises, Inc. is a California corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

76.     In response to Paragraph 76, APS admits on information and belief that Fluor Intercontinental, Inc. is a California corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

77.     In response to Paragraph 77, APS admits on information and belief that Fluor Government Group, Inc. is a Delaware corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

78.     Paragraph 78 provides a definition to which no response is required.  To the extent that the allegation states or implies that the "Fluor Defendants" are the same, are in the same position or are interchangeable, APS denies, on information and belief, the allegation.

79.     In response to Paragraph 79, APS admits that it is a Delaware corporation with its principal place of business in Virginia.  APS denies the remaining allegations.

80.     Paragraph 80 provides contentions and demands to which no response is required. To the extent a response is required, APS denies the allegations.

81.     In response to Paragraph 81 (the paragraph beneath "Jurisdiction and Venue"), APS states that Paragraph 81 provides legal conclusions to which no response is required.  To the extent a response is required, APS denies Paragraph 81.  Further responding to Paragraph 81, APS denies that its principal place of business is in Texas and denies that venue is proper in Dallas County, Texas against APS.  APS lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the other Defendants' principal places of

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                              **9**
**PLAINTIFFS' ORIGINAL PETITION**

business and thus venue allegation.  APS further states that given the removal, the allegations relating to Texas state court are not applicable.

82.     In response to Paragraph 82 (the paragraph beneath "Factual Background"), APS incorporates its responses to the above paragraphs.

83.     In response to Paragraph 83, APS admits that a man detonated a bomb at Bagram Airfield in Afghanistan on November 12, 2016 that resulted in death and injuries.  APS denies the third sentence of Paragraph 83.  APS admits it provided Fluor Intercontinental, Inc. certain labor supply management services related to Ahmed Nayeb.  APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

84.     In response to Paragraph 84, APS admits on information and belief, that the U.S. Government had various agreements with one or more of the Fluor Defendants, admits that APS was a subcontractor of Fluor Intercontinental, Inc. pursuant to which it provided Fluor Intercontinental, Inc. certain labor supply management services related to Ahmed Nayeb.  APS denies other allegations to the extent they apply to APS.  APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

85.     APS denies the allegations in Paragraph 85.

86.     APS denies the allegations in Paragraph 86.

87.     In response to Paragraph 87, APS admits that Ahmad Nayeb worked at the Bagram Airbase, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence.  In response to the second sentence of Paragraph 87, APS admits that it was not responsible for supervising Ahmad Nayeb.  APS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**              **10**
**PLAINTIFFS' ORIGINAL PETITION**

88.     The allegations in Paragraph 88 refer to the allegations in Paragraph 87, and APS incorporates by reference its responses to the allegations in Paragraph 87.   Because the allegations in the first sentence of Paragraph 88 are dependent upon the allegations in Paragraph 88, the allegations are denied.   Further in response to Paragraph 88, APS lacks knowledge or information sufficient to form a belief as to actions or inactions by any of the Fluor Defendants. APS denies the third and fourth sentences.

89.     In response to Paragraph 89, APS denies the allegations to the extent that they apply to APS.   APS denies the first, seventh, and eighth sentences.   APS lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, fourth, fifth, and sixth sentences.

90.     In response to Paragraph 90, APS states that the allegations in the first two sentences are too broad and general so as to permit specific responses and are accordingly denied.   APS denies the allegations to the extent that they apply to APS.   APS lacks knowledge or information sufficient to form a belief about the truth of the allegations relating to the Fluor Defendants.   APS denies the last sentence.   All other allegations are denied.

91.     APS denies the allegations in paragraph 91.

92.     In response to Paragraph 92 (the paragraph beneath "Causes of Action Against Fluor Defendants, Negligence/Gross Negligence"), APS incorporates its responses to the above paragraphs.

93.     Paragraph 93 is not directed toward APS and, therefore, no response is required from APS.   To the extent a response is required, APS denies the allegations, including in subparts (1)–(5).

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO                11**
**PLAINTIFFS' ORIGINAL PETITION**

94.     Paragraph 94 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

95.     Paragraph 95 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

96.     In response to Paragraph 96 (the paragraph beneath "Damages Against the Fluor Defendants"), APS incorporates its responses to the above paragraphs.

97.     Paragraph 97 (the paragraph beneath "Family of PFC Tyler Iubelt"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

98.     Paragraph 98 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

99.     Paragraph 99 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

100.    Paragraph 100 (the paragraph beneath "Family of Sgt. John Perry"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

101.    Paragraph 101 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

102.    Paragraph 102 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

103.    Paragraph 103 (the paragraph beneath "Family of SFC Allan E. Brown"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

104.     Paragraph 104 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

105.     Paragraph 105 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

106.     Paragraph 106 (the paragraph beneath "Family of Peter Provost"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

107.     Paragraph 107 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

108.     Paragraph 108 (the paragraph beneath "Family of Jarrold Reeves"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

109.     Paragraph 109 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

110.     Paragraph 110 (the paragraph beneath "Survivors"), is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

111.     Paragraph 111 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

112.     Paragraph 112 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

113.     Paragraph 113 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**          **13**
**PLAINTIFFS' ORIGINAL PETITION**

114.    Paragraph 114 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

115.    Paragraph 115 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

116.    Paragraph 116 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

117.    Paragraph 117 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

118.    Paragraph 118 is not directed toward APS and, therefore, no response is required from APS.  To the extent a response is required, APS denies the allegations.

119.    In response to Paragraph 110 (the paragraph beneath "Causes of Action Against Defendant APS, Negligence/Gross Negligence"), APS incorporates its responses to the above paragraphs.

120.    In response to Paragraph 120, APS states that the first two sentences contain legal conclusions to which no responsive pleading is required.  To the extent a response is required, the allegations are denied as are the remaining allegations in the paragraph, including in subparts (1)–(5).

121.    In response to Paragraph 121, APS states that the allegation constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

122.    In response to Paragraph 122, APS denies the allegations in the first two sentences.  As to the third sentence, APS denies that plaintiffs are entitled to seek punitive damages against APS.

123.     In response to Paragraph 123 (the paragraph beneath "Damages Against APS"), APS incorporates its responses to the above paragraphs.

124.     In response to Paragraph 124 (the paragraph beneath "Family of PFC Tyler Iubelt"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

125.     In response to Paragraph 125, APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first two sentences as to whether Plaintiffs are a proper party relative to the alleged estate and their relationship with the estate.  APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted.

126.     In response to Paragraph 126, APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted. APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence.

127.     In response to Paragraph 127 (the paragraph beneath "Family of Staff Sgt. John Perry"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

128.     In response to Paragraph 128, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether Plaintiffs are a proper party relative to the alleged estate and their relationship with the estate.  APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                              **15**
**PLAINTIFFS' ORIGINAL PETITION**

129.    In response to Paragraph 129, APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted. APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence.

130.    In response to Paragraph 130 (the paragraph beneath "Family of SFC Allan E. Brown"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

131.    In response to Paragraph 131, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether Plaintiffs are a proper party relative to the alleged estate and their relationship with the estate.  APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted.

132.    In response to Paragraph 132, APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted. APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence.

133.    In response to Paragraph 133 (the paragraph beneath "Family of Peter Provost"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

134.    In response to Paragraph 134, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether Plaintiffs are a proper party relative to the alleged estate and their relationship with the estate.  APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**          **16**
**PLAINTIFFS' ORIGINAL PETITION**

135.     In response to Paragraph 135, APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted. APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence.

136.     In response to Paragraph 136 (the paragraph beneath "Family of Jarrold Reeves"), APS lacks knowledge or information sufficient to form a belief about the truth of the allegations.

137.     In response to Paragraph 137, APS lacks knowledge or information sufficient to form a belief about the truth of the allegations as to whether Plaintiffs are a proper party relative to the alleged estate and their relationship with the estate.  APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted.

138.     In response to Paragraph 138, APS denies any wrongdoing and denies that Plaintiffs have stated a claim against APS upon which relief (including damages) can be granted. APS lacks knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence.

139.     In response to Paragraph 139 (the paragraph beneath "Survivors"), APS denies the allegations to the extent the allegations are directed toward APS.  To the extent the allegations are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

140.     APS denies Paragraph 140 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 140 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                    **17**
**PLAINTIFFS' ORIGINAL PETITION**

141.    APS denies Paragraph 141 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 141 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

142.    APS denies Paragraph 142 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 142 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

143.    APS denies Paragraph 143 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 143 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

144.    APS denies Paragraph 144 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 144 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

145.    APS denies Paragraph 145 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 145 are not directed toward APS, APS states that no response from APS is required, but to the extent a response is required, the allegations are denied.

146.    APS denies Paragraph 146 to the extent the allegations are directed toward APS. To the extent the allegations in Paragraph 146 are not directed toward APS, APS states that no

response from APS is required, but to the extent a response is required, the allegations are denied.

147.    In response to Paragraph 147, APS denies that Plaintiffs are entitled to seek or obtain exemplary damages from APS.

148.    In response to Paragraph 148 (the paragraph beneath "Preservation of Evidence"), APS states that the assertions constitute a demand to which no response is required.

149.    In response to Paragraph 149 (the paragraph beneath "Request for Disclosure"), APS states that the assertions constitute a demand to which no response is required, but to the extent a response is required, the assertions are denied.

150.    In response to Paragraph 150 (the paragraph beneath "Demand For Jury Trial"), APS states that the assertions constitute a demand to which no response is required.

151.    In response to Paragraph 151 (the paragraph beneath "Prayer"), APS denies the allegations.

## **AFFIRMATIVE DEFENSES**

1.    The Court lacks personal jurisdiction over APS because it lacks specific or general jurisdiction over APS in the State of Texas.

2.    The Court lacks subject matter jurisdiction because Plaintiffs' claims raise nonjusticiable political questions under *Baker v. Carr*, 369 U.S. 186 (1962), and its progeny.

3.    The state secrets doctrine bars Plaintiffs' claims in their entirety because military secrets are central to the subject matter of this jurisdiction.

4.    Plaintiffs' claimed injuries were caused by third parties over whom APS lacked the ability to control, including, but not limited to, unknown criminal actors under Texas Civil Practice and Remedies Code § 33.004.  As to the designation, identification and characteristics

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**                    **19**
**PLAINTIFFS' ORIGINAL PETITION**

of such unknown criminal actors who are responsible for "the loss or injury that is the subject of [Plaintiffs'] lawsuit," (*see* Tex. Civ. Prac. & Rem. Code § 33.004(j)), APS incorporates by reference, and on information and belief, the allegations contained in paragraphs 22-43 of Fluor Corporation, Inc., Fluor Enterprises, Inc., and Fluor Intercontinental, Inc.'s Original Answer to Plaintiffs' Original Petition.

5.     Plaintiffs' injuries were caused by third parties over whom APS lacked the ability to control, including, but not limited to, the United States Military.

6.     Any actions or inactions alleged of APS were done at the direction of others, including, based on information and belief, third parties and the United States Military.

7.     Plaintiffs' claims against APS are barred, in whole or in part, under comparative responsibility, contributory negligence, an apportionment of responsibility to parties who are designated or deemed responsible third parties.

8.     Plaintiffs' claims are barred, in whole or in part, by assumption of risk, contributory negligence, and injury by fellow servant.

9.     Other affirmative defenses that are appropriate under facts that are discovered.

10.    Other affirmative defenses that are appropriate as alleged by the Fluor Defendants.

WHEREFORE, Defendant Alliance Project Services, Inc. denies that Plaintiffs are entitled to recover judgment against it in any amount, and prays that the Court enter judgment in its favor and against Plaintiffs, dismiss the Original Petition with prejudice, award Defendant Alliance Project Services, Inc. its costs in defending this action, and award other such further relief as the Court shall deem appropriate.

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO**     **20**
**PLAINTIFFS' ORIGINAL PETITION**

Dated: June 26, 2019                    Respectfully submitted,

                                        **FOX ROTHSCHILD LLP**

                                        By:  /s/ C. Dunham Biles
                                             C. Dunham Biles
                                             State Bar No. 24042407
                                             David Grant Crooks
                                             State Bar No. 24028168
                                        Two Lincoln Centre
                                        5420 LBJ Freeway, Suite 1200
                                        Dallas, Texas 75240
                                        972-991-0889 – Phone
                                        972-404-0516 – Fax
                                        cbiles@foxrothschild.com
                                        dcrooks@foxrothschild.com

                                        **ATTORNEY FOR DEFENDANT
                                        ALLIANCE PROJECT SERVICES, INC.**

### CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2019, Defendant Alliance Project Services, Inc. served a true and correct copy of the foregoing on all known counsel of record via the Northern District of Texas CM/ECF filing system.

                                        /s/ C. Dunham Biles
                                        C. Dunham Biles

**ANSWER OF DEFENDANT ALLIANCE PROJECT SERVICES, INC. TO           21
PLAINTIFFS' ORIGINAL PETITION**