UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE LOQUASTO, et al. | § | |
| | § | |
| VS. | § | |
| | § | |
| FLUOR CORPORATION, INC., | § | C.A. NO. 3:19-CV-01455-B |
| FLUOR ENTERPRISES, INC., | § | (Consolidated with |
| FLUOR GOVERNMENT GROUP, INC., | § | C.A. No. 3:19-cv-01624-B) |
| FLUOR INTERCONTINENTAL, INC. and | § | |
| ALLIANCE PROJECT SERVICES, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY AND EXTENSION OF TIME TO RESPOND REGARDING THE FLUOR DEFENDANTS' RULE 12(H)(3) MOTION TO DISMISS UNDER POLITICAL QUESTION DOCTRINE**

Plaintiffs request that this Court allow jurisdictional discovery regarding Defendant Fluor's[1] motion to dismiss for lack of subject-matter jurisdiction under the political-question doctrine.[2] Plaintiffs request that this Court extend the due date on their response to Fluor's motion to dismiss until after the jurisdictional discovery is complete.

This lawsuit arises out of a bombing that occurred at the Bagram Air Base in Afghanistan.[3] Five men (three U.S. Soldiers and two Fluor employees) were killed and 17 U.S. soldiers were badly injured.[4] The Plaintiffs are the surviving family members of the deceased and 9 of the injured soldiers.[5] The Plaintiffs allege that the Defendants were negligent in employing, supervising, managing and/or retaining the bomber.[6]

---

[1] "Fluor" refers to Defendants Fluor Corporation, Inc.; Fluor Enterprises, Inc.; Fluor Intercontinental, Inc.; and Fluor Government Group International, Inc.

[2] Doc. 21.

[3] Doc. 1-3 at 7-10. The references to documents filed with this Court will be to the page number on the ECF system's file-stamp mark at the top of each page, as opposed to the page number a party has provided at the bottom of a page.

[4] *Id*.

[5] *Id*. at 10-29.

[6] *Id*. at 29-35.

Fluor has filed a motion to dismiss for lack of subject-matter jurisdiction, alleging that the political-question doctrine deprives this Court of subject-matter jurisdiction over the Plaintiffs' claims.[7] Fluor has not limited its motion to dismiss to the Plaintiffs' pleadings. Instead, Fluor has chosen to rely on extensive extrinsic evidence in support of its argument that this Court does not have subject-matter jurisdiction.[8] Fluor attached over 50 exhibits to its motion, comprising over 1,000 pages, including a 34-page declaration from the Security Director for Fluor Government Group Contingency Operations.[9]

Fluor has indicated that it opposes any discovery regarding the issues in its motion to dismiss. Instead of sending discovery to Fluor and having Fluor then object to the discovery, this motion seeks to obtain resolution of this issue in an efficient manner that will not delay this case. The Plaintiffs need discovery to properly respond to Fluor's motion to dismiss. They request that this Court extend their response date until after the discovery regarding Fluor's motion to dismiss has been concluded.

The Fifth Circuit has held that motions to dismiss based on the political-question doctrine are treated as motions to dismiss for lack of subject-matter jurisdiction.[10] When a defendant bases its motion to dismiss for lack of subject-matter jurisdiction on extrinsic evidence—as opposed to basing it solely on the pleadings—the "plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial

---

[7] Doc. 21.

[8] *Id*. at 12-15.

[9] *Id*. at 12-15; Docs. 21-1 – 21-4.

[10] *Spectrum Stores, Inc. v. Citgo Petroleum Corp*., 632 F.3d 938, 948 (5th Cir. 2011) ("we treat the Appellees' original motion to dismiss on political question grounds as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction").

court does have subject matter jurisdiction."[11] The Fifth Circuit has held that when a defendant bases its motion to dismiss for lack of subject-matter jurisdiction on extrinsic evidence, "the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss."[12]

Federal courts considering motions to dismiss based on alleged political questions have allowed discovery when the defendant has chosen to rely on extrinsic evidence.[13] As one federal court noted, the defendant "essentially initiated discovery by attaching declarations and other documentary evidence to its brief in support of its Motion to Dismiss."[14] Because Fluor has chosen to base its motion to dismiss on extrinsic evidence, the Plaintiffs should have the opportunity to obtain discovery regarding this evidence and the issues Fluor raised.

Fluor bases its political-question argument primarily on its Security Director's declaration, as well as internal Fluor documents and emails.[15] The declaration includes conclusory claims, such as the claim that the bomber's "behavior did not generate any basis for Fluor to suspect his malicious intentions" and that at "all times there was a known supervisory chain responsible for overseeing [the bomber's] job performance in the" area he worked.[16] The declaration also claims that it could not restrict the bomber from accessing the switches and multimeters that he used to

---

[11] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Superior MRI Services, Inc. v. All. Healthcare Services, Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

[12] *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

[13] *See, e.g., Smith v. Halliburton Co.*, CIV.A. H-06-0462, 2006 WL 2521326, at *1 (S.D. Tex. Aug. 30, 2006); *Fisher v. Halliburton*, 696 F. Supp. 2d 710, 722 (S.D. Tex. 2010), order vacated on other grounds, appeal dismissed, 667 F.3d 602 (5th Cir. 2012); *Harris v. Kellogg, Brown & Root Services, Inc.*, 618 F. Supp. 2d 400, 416 (W.D. Pa. 2009).

[14] *Harris*, 618 F. Supp. 2d at 417.

[15] Doc. 21 at 12-15; Docs. 21-1 – 21-4. The extrinsic evidence also includes various governmental reports and documents in Fluor's possession.

[16] Doc. 21-1 at 26 (¶¶ 63-64).

construct the bomb.[17] Without discovery, the Plaintiffs have no way to explore the truthfulness and completeness of these statements. Fluor should not be allowed to base its motion to dismiss on a 30+ page declaration without the Plaintiffs having the opportunity to question the witness about his sworn statements and obtain evidence related to what he claims happened.

      WHEREFORE, Plaintiffs respectfully request that this Court allow jurisdictional discovery on the issues raised in Fluor's motion to dismiss, extend the due date for the Plaintiffs' response to Fluor's motion to dismiss until after the jurisdictional discovery is complete and for such other relief to which Plaintiffs are entitled.

---

[17] *Id.* at 29 (¶ 73).

Respectfully submitted,

# THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Peter K. Taaffe
State Bar No. 24003029
ptaaffe@txattorneys.com
JP Morgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

David George
Texas Bar No. 00793212
BAKER•WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Fax: (713) 980-1701
dgeorge@bakerwotring.com

Lisa Blue
Texas Bar No. 02510500
BARON AND BLUE
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
Tel: 214-750-1700
lblue@baronandblue.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for all parties conferred, via phone and in person, on these issues as part of the process of preparing the Joint Status Report (Doc. 24), filed on August 29, 2019. As set forth in the Joint Status Report, at paragraphs 4 and 6(c), Counsel for Fluor Defendants and Defendant APS oppose the relief sought in this motion.

*/s/ Peter K. Taaffe*
Peter K. Taaffe

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 16, 2019, I served a true and correct copy of the foregoing on counsel of record for all counsel in both the Loquasto and Branch matters under Local Rule 42.1 and the Federal Rules of Civil Procedure, as follows:

| | |
|---|---|
| **Via Efiling**<br>Darrell L. Barger<br>Adam L. Anthony<br>HARTLINE BARGER LLP<br>1980 Post Oak Blvd., Suite 1800<br>Houston, Texas 77056 | **Via Efiling**<br>J. Reid Simpson<br>HARTLINE BARGER LLP<br>800 N. Shoreline Blvd., Suite 2000<br>North Tower<br>Corpus Christi, Texas 78401 |
| **Via Efiling**<br>Brian Rawson<br>HARTLINE BARGER LLP<br>8750 N. Central Expy., Suite 1600<br>Dallas, Texas 75231 | **Via Efiling**<br>David Grant Crooks<br>C. Dunham Biles<br>Fox Rothschild LLP<br>Two Lincoln Centre<br>5420 Lyndon B. Johnson Freeway, Suite 1200<br>Dallas, Texas 75240 |
| **Via Efiling**<br>Kathy Kimmel<br>Fox Rothschild LLP<br>Campbell Mithun Tower<br>222 S. Ninth St., Suite 2000<br>Minneapolis MN 55402-3338 | |

*/s/ Peter K. Taaffe*
Peter K. Taaffe