IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Charlotte Loquasto, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-cv-01455-B |
| Fluor Corporation, Inc., et al. | § § § | **(Consolidated with Civil Action No. 3:19-cv-01624-B)** |
| Defendants. | § | |

**<u>DEFENDANTS FLUOR CORPORATION, INC., FLUOR ENTERPRISES, INC., FLUOR GOVERNMENT GROUP INTERNATIONAL, INC., AND FLUOR INTERCONTINENTAL, INC.'S STATEMENT REGARDING PLAINTIFFS' SUPPLEMENT TO THEIR RESPONSE TO DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS</u>**

TO THE HONORABLE JANE J. BOYLE, UNITED STATES DISTRICT JUDGE:

Plaintiffs supplement their Response to Defendants' Motion to Dismiss [Doc. 57] with an order from *Winston Tyler Hencely v. Fluor Corporation, Inc., et al.* (Cause No. 6:19-cv-00489-BHH), and they claim that the *Hencely* order should control the outcome of Defendants' Motion to Dismiss in this case.

Defendants respectfully disagree with the *Hencely* court's decision and its characterization of the facts, claims, issues, and arguments in that case. But even setting those characterizations aside, the court interpreted and applied South Carolina law, not Texas law. The court held that Fluor's causation defense did not raise political questions because it determined that Fluor could not submit the Military for negligence apportionment under South Carolina law. *See* Doc. 58 (*Hencely* order, at pp. 30-34).

The same is not true in this case because the governing law is fundamentally different. Should Plaintiffs' claims proceed to trial, the trier of fact will have to apportion and compare the Military's responsibility because the Military is a responsible third party. *See* Doc. 31, and Tex.

-1-

Civ. Prac. & Rem. Code §§ 33.003, 33.004, *et seq*. The Military's immunity from civil liability is irrelevant because Defendants do not seek to recover damages from the Military, and the Texas Supreme Court has held that immune parties are subject to apportionment under Chapter 33. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868-69 and n.6 (Tex. 2009). Plaintiffs' negligent supervision and negligent retention claims under Texas law will inevitably implicate the Military's security functions through, *inter alia*, questioning Nayeb's fitness for base access and LOGCAP work; the Military's control over the corresponding security and force protection functions is relevant to the Military's comparative responsibility, whether the Fifth Circuit has adopted the plenary control test or not. *See* Docs. 20, 31, and 45, *supra.*

Defendants briefed these issues fully in their opening brief and will address them again in their reply in support of their Motion to Dismiss due to the Court on or before June 26, 2020.

Respectfully submitted,

**HARTLINE BARGER LLP**

*/s/ Darrell L. Barger*
Darrell L. Barger (*Attorney-in-charge*)
State Bar No. 01733800
J. Reid Simpson (*Admitted pro hac vice*)
State Bar No. 24072343
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990; (713) 652-2419 (Fax)
dbarger@hartlinebarger.com
rsimpson@hartlinebarger.com

Brian Rawson
State Bar No. 24041754
8750 N. Central Expy., Suite 1600
Dallas, Texas 75231
(214) 369-2100; (214) 369-2118 (Fax)
brawson@hartlinebarger.com
***Counsel for the Fluor Defendants***

-3-

## Certificate of Service

    The undersigned certifies that on June 10, 2019 Fluor served a true and correct copy of the foregoing document on all known counsel of record via the Northern District's CM/ECF filing service.

                                                      */s/ Darrell L. Barger*  
                                                      Darrell L. Barger