UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE LOQUASTO, et al. | § | |
| | § | |
| VS. | § | |
| | § | |
| FLUOR CORPORATION, INC., | § | C.A. NO. 3:19-CV-01455-B |
| FLUOR ENTERPRISES, INC., | § | (Consolidated with |
| FLUOR GOVERNMENT GROUP, INC., | § | C.A. No. 3:19-cv-01624-B) |
| FLUOR INTERCONTINENTAL, INC. and | § | |
| ALLIANCE PROJECT SERVICES, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO FLUOR DEFENDANTS' MOTION TO FILE ADDITIONAL EVIDENCE**

The Plaintiffs[1] file this response to the Fluor Defendants'[2] motion to file additional evidence supporting their summary-judgment motion.[3] This Court should deny the motion because the Fluor Defendants have not shown good cause for their failure to include this evidence with their summary-judgment motion.[4] If this Court does not deny the motion, it should allow the Plaintiffs the opportunity to depose these three new witnesses and to file a sur-reply to address the issues these witnesses raise.

---

[1] The "Plaintiffs" are Plaintiffs Charlotte Loquasto, Michael Iubelt, Shelby Iubelt, individually, on behalf of the estate of PFC Tyler Iubelt, and as next friend of V.I., a minor, Julianne Perry, individually, on behalf of the estate of Staff Sgt. John Perry, deceased, and as next friend of L.P. and G.P., minors, Kathleen Perry, Stewart Perry, Marissa Brown, individually and on behalf of the estate of Sgt. First Class Allan E. Brown, deceased, Gail Provost, individually and on behalf of the estate of Peter Provost, Meghan Hollingsworth, Sarah Peterson, Brian Provost, Spencer Provost, Louis Provost, Gertrude Provost, Katrina Reeves, individually and on behalf of the estate of Col. Jarrold Reeves (Ret.), deceased, and as next friend of J.R., a minor, Summer Dunn, Hannah Mason, Mallory Reeves, Charlotte Reeves, Chris Colovita, Samuel Gabara, Lakeia Stokes, Maggie Bilyeu, India Sellers, Addie Ford, Robert Healy and Haylee Rodriguez.

[2] The "Fluor Defendants" are Fluor Corporation, Inc.; Fluor Enterprises, Inc.,; Fluor Government Group, Inc.; and Fluor Intercontinental, Inc.

[3] Doc. 68 (filed July 10, 2020).

[4] While the Fluor Defendants are seeking to file "an Appendix to their Reply in Support of the Rule 12(b)(1) Motion to Dismiss and Motion for Summary Judgment Under 28 U.S.C. § 2680(j) (Combatant Activities Preemption)," their motion makes clear that these three new declarations are in support of only their summary-judgment motion—not their Rule 12(b)(1) motion. Doc. 68 at 5 (asking this Court for leave to "to File an Appendix to its Reply in Support of the Motion for Summary Judgment under 28 U.S.C. § 2860(j)").

Federal Rule of Civil Procedure 6(c)(2) requires that "[a]ny affidavit supporting a motion must be served with the motion."[5] Despite this clear rule, the Fluor Defendants did not file the declarations of Lindsay Weindruch, Lt. Gen. Mick Bednarek, or Ronald Riley with their summary-judgment motion. Instead, the Fluor Defendants waited until after the Plaintiffs responded to their summary-judgment motion before seeking to file these three declarations.

The Fifth Circuit has held that a district court should not allow a party to file an out-of-time declaration unless it can show "excusable neglect."[6] Excusable neglect is "at bottom an equitable [principle], taking account of all relevant circumstances surrounding the party's omission."[7] These include "the danger of prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[8]

This Court should deny the Fluor Defendants' motion because they have not shown excusable neglect. The Fluor Defendants made a strategic choice to file a summary-judgment motion on its affirmative defense at the outset of the case. By filing their summary-judgment motion they represented to this Court that the evidence attached to their motion conclusively established their affirmative defense as a matter of law. Now that the Plaintiffs have responded to their summary-judgment motion, the Fluor Defendants apparently recognize that their evidence summary-judgment motion is actually not conclusive and that they need three more declarations to hopefully prove their point.

---

[5] FED. R. CIV. P. 6(c)(2).
[6] *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980).
[7] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).
[8] *Id.*

The Fluor Defendants claim that they could not have filed these declarations with their summary-judgment motion because they did not obtain authorization from the Army to file those declarations until after they had filed their summary-judgment motion. But that argument presumes the Fluor Defendants had to file their summary-judgment motion when they did. They did not. They made the strategic decision to file their summary-judgment motion at the beginning of the case along with their Rule 12(b)(1) motion. This is not excusable neglect; it was a strategic decision on their part.

This Court, therefore, should deny the Fluor Defendants' motion to add new evidence because they have not shown excusable neglect. If this Court does not deny the Fluor Defendants' motion, it should allow the Plaintiffs the opportunity to depose these three new witnesses and to file a sur-reply addressing their claims.

Respectfully submitted,

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Peter K. Taaffe
Texas Bar No. 24003029
ptaaffe@txattorneys.com
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas 77002
Telephone:  (713) 223-5393
Fax: (713) 223-5909

David George
Texas Bar No. 00793212
BAKER•WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Fax: (713) 980-1701
dgeorge@bakerwotring.com

Lisa Blue
Texas Bar No. 02510500
BARON AND BLUE
3300 Oak Lawn Ave., 3rd Floor
Dallas, Texas 75219
Telephone: (214) 750-1700
lblue@baronandblue.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on July 27, 2020, I served a true and correct copy of the foregoing on counsel of record through the Court's CM/ECF system under Local Rule 42.1 and the Federal Rules of Civil Procedure, as follows:

| | |
|---|---|
| Darrell L. Barger<br>Adam L. Anthony<br>HARTLINE BARGER LLP<br>1980 Post Oak Blvd., Suite 1800<br>Houston, Texas 77056 | J. Reid Simpson<br>HARTLINE BARGER LLP<br>800 N. Shoreline Blvd., Suite 2000<br>North Tower<br>Corpus Christi, Texas 78401 |
| Brian Rawson<br>HARTLINE BARGER LLP<br>8750 N. Central Expy., Suite 1600<br>Dallas, Texas 75231 | David Grant Crooks<br>C. Dunham Biles<br>FOX ROTHSCHILD LLP<br>Two Lincoln Centre<br>5420 Lyndon B. Johnson Freeway, Suite 1200<br>Dallas, Texas 75240 |
| Kathy Kimmel<br>FOX ROTHSCHILD LLP<br>Campbell Mithun Tower<br>222 S. Ninth St., Suite 2000<br>Minneapolis MN 55402-3338 | |

                                                  */s/ Peter K. Taaffe*
                                                  Peter K. Taaffe