IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Charlotte Loquasto, et al., § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | Civil Action No. 3:19-cv-01455-B | |
| § | **(Consolidated with Civil Action No.** | |
| Fluor Corporation, Inc., et al. § | **3:19-cv-01624-B)** | |
| § | | |
| Defendants. § | | |

### DEFENDANTS FLUOR CORPORATION, INC., FLUOR ENTERPRISES, INC., FLUOR INTERCONTINENTAL, INC., AND FLUOR GOVERNMENT GROUP INTERNATIONAL, INC.'S REPLY IN SUPPORT OF THEIR OPPOSED MOTION FOR LEAVE TO FILE A REPLY APPENDIX [DOC. 68]

TO THE HONORABLE JANE J. BOYLE, UNITED STATES DISTRICT JUDGE:

Defendants Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc. ("Fluor") filed a Motion for Leave to File an Appendix to their Reply in Support of the Rule 12(b)(1) Motion to Dismiss and Motion for Summary Judgment under 28 U.S.C. § 2860(j) [Doc. 68] ("Motion for Leave"). In its Motion for Leave, Fluor sought permission to file declarations from three witnesses: (1) the top U.S. Army Contracting Officer; (2) a retired U.S. Army Lieutenant General; and (3) Fluor's lead contracting manager. These declarations bear directly on the legal issues before the Court; they respond directly to unsubstantiated factual assertions that Plaintiffs made in opposing Fluor's dispositive motion; and, they would materially assist the Court in resolving the motion to dismiss [Doc. 45].

In their response [Doc. 69], Plaintiffs do not dispute any of these facts. Nor could they. The contents of the declarations are unquestionably probative—indeed, *dispositive*—evidence regarding Fluor's combatant-activities preemption defense. The declarants confirm, for example, that "Fluor augmented and was integrated within the military at Bagram Airfield," and that Fluor's

performance of "essential sustainment support services" for the Army—including the performance of functions at issue in this lawsuit—"was within the scope of the LOGCAP IV contract." *See* Doc. 68-1 at 3-4 (Decl. of Lindsay Weindruch).

Plaintiffs instead contend that the Court should ignore this unquestionably probative evidence because Fluor made a "strategic choice" to file an early summary judgment motion. That argument fails. *First*, the timing of Fluor's motion comports with the Fifth Circuit's directive that district courts "take care to develop *and resolve* [Fluor's] defenses *at an early stage* while avoiding, to the extent possible, any interference with military prerogatives."[1] *Second*, Fluor's decision to file an early motion is irrelevant to whether there is good cause to now supplement the record. The Court should grant leave, particularly at this relatively early stage of the case, because Fluor had good reasons to file the declarations for the first time in reply—namely, the declarations respond to allegations raised for the first time in opposition, and the declarations will materially assist the Court in deciding the issues.

Contrary to Plaintiffs' unsupported assertion, *see* [Doc. 69 at 1, n.4], the declarations bear on issues related to Fluor's combatant-activities motion *and* Fluor's political question doctrine motion. The two defenses rest on overlapping doctrines, including core principles of separation of powers and federalism. By addressing the sensitive Military judgments embedded in the Military's use of private contractors on the battlefield under the LOGCAP program, and the integration of Fluor into the Military force at Bagram, the declarations directly bear on both combatant activities preemption and the political question doctrine.

The Court should not excise such highly relevant facts from the record. At most, the Court could allow Plaintiffs the opportunity to depose the three declarants regarding the contents of their

---

[1] *Martin v. Halliburton*, 618 F.3d 476, 488 (5th Cir. 2010) (emphasis added).

declarations. If the Court deems that necessary, Fluor does not oppose Plaintiffs being given such opportunity.

          Respectfully submitted,

          **HARTLINE BARGER LLP**

          */s/ Darrell L. Barger*
          Darrell L. Barger (*Attorney-in-charge*)
          State Bar No. 01733800
          J. Reid Simpson
          State Bar No. 24072343
          1980 Post Oak Blvd.
          Suite 1800
          Houston, Texas 77056
          (713) 759-1990
          (713)652-2419 (Fax)
          dbarger@hartlinebarger.com
          rsimpson@hartlinebarger.com

          Brian Rawson
          State Bar No. 24041754
          8750 N. Central Expy.
          Suite 1600
          Dallas, Texas 75231
          (214) 369-2100
          (214) 369-2118 (Fax)
          brawson@hartlinebarger.com
          *Counsel for the Fluor Defendants*

### Certificate of Service

      The undersigned certifies that on August 3, 2020, Fluor served a true and correct copy of the foregoing document on all known counsel of record via the Northern District's CM/ECF filing service under the Federal Rules of Civil Procedure and the Northern District Local Rules.

          */s/ Darrell L. Barger*
          Darrell L. Barger