UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE LOQUASTO, et al. | § § | |
| VS. | § § | |
| FLUOR CORPORATION, INC., | § | C.A. NO. 3:19-CV-01455-B |
| FLUOR ENTERPRISES, INC., | § | (Consolidated with |
| FLUOR GOVERNMENT GROUP, INC., | § | C.A. No. 3:19-cv-01624-B) |
| FLUOR INTERCONTINENTAL, INC. and | § | |
| ALLIANCE PROJECT SERVICES, INC. | § | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR NEW TRIAL, TO ALTER, AMEND OR
VACATE ORDER, AND TO TRANSFER VENUE**

Pursuant to Federal Rule of Civil Procedure 59, the Plaintiffs[1] file this Motion for New Trial, to Alter, Amend or Vacate Order and to Transfer Venue of this action to the United States District Court for the District of South Carolina, with respect to this Court's January 8, 2021 Order granting Defendants' Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction under the political-question doctrine.

**I.    PROCEDURAL BACKGROUND**

On May 14, 2019, Plaintiffs (aside from Marvin Branch) filed their original petition in Dallas County State Court. On June 19, 2019, Defendants removed the case to this Court.

---

[1] The "Plaintiffs" are Plaintiffs Charlotte Loquasto, Michael Iubelt, Shelby Iubelt, individually, on behalf of the estate of PFC Tyler Iubelt, and as next friend of V.I., a minor, Julianne Perry, individually, on behalf of the estate of Staff Sgt. John Perry, deceased, and as next friend of L.P. and G.P., minors, Kathleen Perry, Stewart Perry, Marissa Brown, individually and on behalf of the estate of Sgt. First Class Allan E. Brown, deceased, Gail Provost, individually and on behalf of the estate of Peter Provost, Meghan Hollingsworth, Sarah Peterson, Brian Provost, Spencer Provost, Louis Provost, Gertrude Provost, Katrina Reeves, individually and on behalf of the estate of Col. Jarrold Reeves (Ret.), deceased, and as next friend of J.R., a minor, Summer Dunn, Hannah Mason, Mallory Reeves, Charlotte Reeves, Chris Colovita, Samuel Gabara, Lakeia Stokes, Maggie Bilyeu, India Sellers, Addie Ford, Robert Healy, Haylee Rodriguez and Marvin Branch.

1

On June 3, 2019, Plaintiff Marvin Branch filed his original petition in Dallas County State Court. On July 5, 2019, Defendants removed the *Branch* case to this Court. On July 15, 2019, the Court consolidated the *Loquasto* and *Branch* cases (Doc. 10).

On August 20, 2019, the Fluor Defendants filed a motion to dismiss for lack of subject-matter jurisdiction (Doc. 21).

On Plaintiffs' motion, the Court permitted Plaintiffs to conduct limited jurisdictional discovery and afforded Defendants the opportunity to file a renewed motion to dismiss once such discovery was completed. (Doc. 38 and Doc. 39).

On March 23, 2020, the Fluor Defendants filed an amended Motion to Dismiss the pending motion to dismiss seeking dismissal for lack of subject-matter jurisdiction under the political question-doctrine or, in the alternative, summary judgment on the basis of combatant- activities preemption (Doc. 45). Defendant Alliance Project Services later joined the Fluor Defendants' Motion.

On January 8, 2021, the Court granted the Fluor Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (Memorandum Opinion, Doc. 84, at 6 and 20). In its opinion, the Court noted that another plaintiff who was injured in the same incident had filed suit in the United States District Court for the District of South Carolina.[2] (Doc. 84, at 18-20). This Court noted that the South Carolina court had denied the Fluor Defendants' Motion to Dismiss for lack of subject matter jurisdiction. *Id.* This Court distinguished the holding in *Hencely* because of differences in Texas and South Carolina state procedural law. *Id.*

---

[2] *Hencely v. Fluor Corp., at al*, Civil Action No. 6:19-cv-00489-BHH, in the United States District Court for the District of South Carolina.

2

This Court entered an order dismissing Plaintiffs' claims "WITHOUT PREJUDICE to re-filing in a court with proper jurisdiction." (Doc. 85).

## II. ARGUMENT AND AUTHORITIES

28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

All of the elements are met here. This Court has found that it does not have subject matter jurisdiction over the claims made in this case. This Court has noted that another federal court in South Carolina has found that it has subject matter to consider the claims of an identically-situated plaintiff who was injured in the same incident. So this lawsuit could have been brought in South Carolina federal court at the time it was filed in Texas.

It is in the interest of justice for this Court to transfer this case to South Carolina. The claims in this case involve deaths of three soldiers and two civilians and severe injuries to several soldiers, all incurred while serving their country overseas.

## III. CONCLUSION

Therefore, Plaintiffs respectfully request that the Court grant this Motion, vacate its Memorandum Opinion and Order dismissing this case for lack of subject matter jurisdiction as well as its Final Judgment and, pursuant to 28 U.S.C. § 1631, transfer this case to the District Court of South Carolina.

Respectfully submitted,

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
Peter K. Taaffe
Texas Bar No. 24003029
ptaaffe@txattorneys.com
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas 77002
Telephone:  (713) 223-5393
Fax: (713) 223-5909

David George
Texas Bar No. 00793212
BAKER•WOTRING LLP
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Fax: (713) 980-1701
dgeorge@bakerwotring.com

Lisa Blue
Texas Bar No. 02510500
BARON AND BLUE
3300 Oak Lawn Ave., 3rd Floor
Dallas, Texas 75219
Telephone: (214) 750-1700
lblue@baronandblue.com

ATTORNEYS FOR PLAINTIFFS

4

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on January 27, 2021, I served a true and correct copy of the foregoing on counsel of record through the Court's CM/ECF system under Local Rule 42.1 and the Federal Rules of Civil Procedure, as follows:

| | |
|---|---|
| Darrell L. Barger<br>Adam L. Anthony<br>HARTLINE BARGER LLP<br>1980 Post Oak Blvd., Suite 1800<br>Houston, Texas 77056 | J. Reid Simpson<br>HARTLINE BARGER LLP<br>800 N. Shoreline Blvd., Suite 2000<br>North Tower<br>Corpus Christi, Texas 78401 |
| Brian Rawson<br>HARTLINE BARGER LLP<br>8750 N. Central Expy., Suite 1600<br>Dallas, Texas 75231 | David Grant Crooks<br>C. Dunham Biles<br>FOX ROTHSCHILD LLP<br>Two Lincoln Centre<br>5420 Lyndon B. Johnson Freeway, Suite 1200<br>Dallas, Texas 75240 |
| Kathy Kimmel<br>FOX ROTHSCHILD LLP<br>Campbell Mithun Tower<br>222 S. Ninth St., Suite 2000<br>Minneapolis MN 55402-3338 | Raymond B Biagini<br>Daniel L. Russell<br>Covington & Burling LLP<br>One City Center, 850 Tenth Street NW<br>Washington, DC 20001 |

                */s/ Peter K. Taaffe*
                Peter K. Taaffe

**CERTIFICATE OF CONFERENCE**

  The undersigned certifies that I conferred with counsel for Defendants, Reid Simpson for Fluor Defendants and Kathy Kimmel for Alliance Project Services, who indicated they oppose the Court granting the relief requested in this motion.

                */s/ Peter K. Taaffe*
                Peter K. Taaffe