IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Charlotte Loquasto, et al., <br>     Plaintiffs, <br> v. <br><br> Fluor Corporation, Inc., et al. <br>     Defendants. | § <br> § <br> § <br> §    Civil Action No. 3:19-cv-01455-B <br> §    **(Consolidated with Civil Action No.** <br> §    **3:19-cv-01624-B)** <br> § <br> § |

**THE FLUOR DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR NEW TRIAL, TO ALTER, AMEND
OR VACATE ORDER, AND TO TRANSFER VENUE**

Defendants Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc. ("Fluor") submit this response to Plaintiffs' motion for a "new trial" and other relief under Fed. R. Civ. P. 59 (ECF 86).

Plaintiffs had a full and fair opportunity to litigate their claims. After eighteen months of litigation, including jurisdictional and other discovery, numerous depositions, submission of 1000+ pages of evidence, and extensive briefing, the Court dismissed those claims for lack of subject matter jurisdiction based on the political question doctrine. ECF 84. Now, following the entry of final judgment (ECF 85), Plaintiffs seek two separate, extraordinary forms of relief. First, they ask the Court to alter or amend the final judgment under Fed. R. Civ. P. 59(e). Second, they request—for the first time—that the Court transfer this case to South Carolina. Plaintiffs seek this extraordinary relief in a perfunctory three-page submission that does not even cite the governing legal standard and lacks *any* supporting authority.

There is no basis whatsoever for granting Plaintiffs' motion. The sole grounds for relief under Rule 59(e) are: (i) manifest errors of law; (ii) newly discovered evidence; or (iii) an intervening change in the law. None of these grounds exist. *Plaintiffs do not even allege they exist*. For that reason alone, the motion should be denied.

Because the Court should deny Plaintiffs' Rule 59(e) motion, the Court need not even consider Plaintiffs' transfer request. There is no case to transfer because the case has been dismissed and a final judgment has been entered. But even if the Court addressed Plaintiffs' transfer request, that request is untimely and without merit. Among other reasons, it would be futile to transfer this case to South Carolina. Plaintiffs' claims, as set forth in their own Complaint and as argued by Plaintiffs to this Court, would be barred in *any* court, based on both the political question doctrine and "combatant activities" preemption.

Viewed in context, Plaintiffs' Rule 59(e) motion is not simply meritless. Beyond that, the motion offends the integrity of the courts and is a transparent attempt at *post hoc* forum shopping. This is *not* a situation in which a "confused" plaintiff unwittingly filed suit in a jurisdiction without recognizing a jurisdictional quirk—a typical scenario triggering a transfer under 28 U.S.C. § 1631. Rather, Plaintiffs are represented by sophisticated Texas-based law firms who boast nationally-acclaimed practices, and Plaintiffs deliberately chose to sue in Texas and invoke Texas law. Now, dissatisfied with the outcome—an outcome in part driven by Plaintiffs' own strategic choices—Plaintiffs apparently believe they can press rewind and seek a "do over" in another court. But that is not how the judicial process works. Granting Plaintiffs' motion would not serve justice.

The Court should deny Plaintiffs' motion and reject Plaintiffs' improper, groundless, and wasteful attempt to seek a second bite at the apple on the same claims in another court.

## STANDARD OF REVIEW

Plaintiffs do not identify the standard governing their motion, or even specify which provision of Federal Rule 59 they are invoking. However, the only potentially applicable provision is Rule 59(e) because the other portions of Rule 59 address a "new" trial, and there has been no trial here. *See* Fed. R. Civ. P. 59(a)(1) (listing grounds for new trial either "after a jury trial" or "after a nonjury trial"). For this reason, when faced with similar, unspecified Rule 59 motions following pretrial dismissals, this Court has made clear that only Rule 59(e) could apply:

> Plaintiff filed a "Motion for New Trial" under Federal Rule of Civil Procedure 59, but did not state which subsection of Rule 59 applied to his request. Motions requesting a "new trial" are reviewed under Rule 59(a). Rule 59(a), however, allows for a new trial only after a trial has already taken place. Because no trial was held in this case, Rule 59(a) does not apply. Instead, Rule 59(e) governs motions to alter or amend a judgment, which permits a movant to challenge a judgment that has been granted in the absence of a trial.

*Coleman v. FFE Transp. Servs., Inc.*, 2013 WL 3878604, at *1 (N.D. Tex. July 29, 2013); *accord*

*United States v. Ingleman*, 2013 WL 12137733, at *1 (N.D. Tex. June 26, 2013).

"There are only three grounds for amending a judgment pursuant to Rule 59(e): (1) correction of a manifest error of law, (2) accounting for newly discovered evidence, or (3) accommodating an intervening change in controlling law." *Roberts v. Unitrin Specialty Lines Ins. Co.*, 2009 WL 560192, at *1 (N.D. Tex. Mar. 4, 2009) (citing *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citations omitted).

As this Court has explained, "it is well settled that Rule 59(e) is not a vehicle to be used solely because the party is not satisfied with the Court's ruling…[and] [t]his is particularly true when, as here, the Court has spent significant time and resources in reaching its final decision." *Roberts*, 2009 WL 560192, at *2; *see also Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989) (holding Rule 59(e) motions "may not be used to address issues that were resolved to the movant's dissatisfaction"). "In school yard parlance, a motion for reconsideration is not a request for a 'do over.'" *Caldwell v. Parker Univ.*, 2019 WL 4536156, at *1 (N.D. Tex. Sept. 19, 2019) (citations and quotations omitted). "Thus, a Rule 59(e) motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment." *Smith v. JPMorgan Chase Bank, N.A.*, 2017 WL 4698471, at *1 (N.D. Tex. Oct. 19, 2017) (internal citation omitted).

The Rule 59(e) "remedy is so extraordinary that the standard under Rule 59(e) favors denial of motions to alter or amend a judgment." *Smith v. Thaler*, 2012 WL 1361654, at *2 (N.D. Tex. Apr. 19, 2012) (internal quotations omitted).

## ARGUMENT

**I. PLAINTIFFS DO NOT EVEN ATTEMPT TO MEET, AND CANNOT MEET, THE RULE 59(e) STANDARD FOR AMENDING THE FINAL JUDGMENT.**

Plaintiffs cite no ground that would even arguably entitle them to extraordinary relief under Rule 59(e). Plaintiffs do not claim there is a need to correct a manifest error of law. There was none. Plaintiffs do not purport to cite any newly discovered evidence. There is none. Plaintiffs do not argue there was an intervening change in controlling law. There was none. For these reasons alone, Plaintiffs' motion fails.

The sole legal authority that Plaintiffs cite in their three-page motion is a federal transfer statute, 28 U.S.C. § 1631. *See* ECF 86 at 3. That statute has been on the books for decades. It is not new law or new evidence and does not suggest any manifest error of law in the final judgment. Had Plaintiffs wished to invoke the transfer statute, they could have done so at any time during the past eighteen months. Plaintiffs chose not to do so. Not only did they fail to invoke the transfer statute, they deliberately embarked on a *contrary* strategy. Plaintiffs affirmatively chose to sue in Texas. Plaintiffs repeatedly invoked, relied on, and consented to Texas law in litigating their claims. *See*, *e.g.*, ECF 1-3 at 21, 27 (Complaint alleging "Venue is proper in Dallas County Texas" and repeatedly invoking "Texas Labor Code" and "Texas law"); ECF 30 (Plaintiffs consenting to Fluor's designation of responsible third parties under Texas law); *see also* ECF 84 at 19 ("Plaintiffs here brought their negligence claims in Texas under Texas law."). Plaintiffs never once suggested, at any time *before* entry of judgment, that it would be appropriate to transfer this case.[1]

---

[1] Plaintiffs pursued their claims in Texas while well aware that the separate, parallel *Hencely* litigation was ongoing in South Carolina. The *Hencely* suit was filed several months earlier than this suit. In dismissing this suit, the Court distinguished the *Hencely* decision denying Fluor's motion to dismiss (based solely on the political question doctrine). *See* ECF 84 at 18-20. Fluor respectfully disagrees with the *Hencely* holding, but for current purposes that disagreement is irrelevant, as Plaintiffs here chose to file suit in Texas, chose to invoke Texas law, relied and consent to Texas law, and never once suggested that any other law or forum was appropriate.

Because Plaintiffs cite none of the limited grounds for relief under Rule 59(e), their motion should be denied. And because there is no basis for amending or altering the judgment, there is no basis for even considering Plaintiffs' request for transfer.

## II. PLAINTIFFS' REQUEST FOR TRANSFER IS UNTIMELY AND MERITLESS.

Even if the Court did address Plaintiffs' motion to transfer, that improper post-judgment request is both untimely and meritless.

### A. Plaintiffs' Post-Judgment Transfer Motion Is Untimely.

Plaintiffs never sought transfer prior to the entry of final judgment. To the contrary, Plaintiffs deliberately chose Texas as their preferred forum, they set forth claims in their Complaint under Texas law, and they repeatedly invoked, relied on, and consented to Texas law. As many courts have explained, it is now too late to seek transfer for the first time. *Schmidt v. Washington Newspaper Publ'g Co., LLC*, 2018 WL 6422705, at *3 (S.D. Fla. Dec. 6, 2018) ("[The plaintiff] has raised this transfer argument for the first time in his motion for reconsideration, which renders it improper and untimely."); *Pease v. Kelly Aerospace, Inc.*, 2008 WL 4406348, at *1 (M.D. Ala. Aug. 4, 2008) ("Because Plaintiffs raise their transfer argument for the first time in their Motion to Reconsider, the court finds that the argument is untimely."); *Alicea v. Machete Music*, 2012 WL 603590, at *5 (D. Mass. Feb. 23, 2012), *aff'd*, 744 F.3d 773 (1st Cir. 2014) ("The court has already ruled on the motions to dismiss the counts against several Defendants, and it is too late for Plaintiffs now to request that the action be transferred instead of dismissed…Plaintiffs did not request a transfer when opposing any of the Defendants' motions to dismiss"); *Rouben v. Parkview Hosp., Inc.*, 2010 WL 4537012, at *2 (S.D. Miss. Nov. 2, 2010) (denying motion: "Plaintiff raises his § 1631 argument for the first time in his Motion to Reconsider"). Plaintiffs' motion to transfer is untimely, and for this reason alone should be denied.

### B. In Any Event, Plaintiffs' Transfer Request Is Meritless.

Even if the Court had a basis for amending its judgment (it does not), and even if Plaintiffs had timely raised their request to transfer (they did not), the request for transfer is still without merit. As Plaintiffs recognize, under the federal transfer statute, in order to transfer a suit a court must find that (i) it lacks jurisdiction, (ii) the transferee court had jurisdiction at the time of filing, and (iii) transfer is in the interest of justice. *See* ECF 86 at 3 (quoting 28 U.S.C. § 1681); *see also Joslyn v. United States*, 420 F. App'x 974, 978 (Fed. Cir. 2011) (setting forth elements). Here, the first element is met, but the second and third elements are not.

### 1. Plaintiffs' Claims Would Be Barred in South Carolina.

Plaintiffs have not shown that the U.S. District Court for the District of South Carolina would have had subject matter jurisdiction over their claims at the time they were filed. Nor could they. Again, Plaintiffs brought claims *under Texas law*, and they repeatedly invoked, relied on, and consented to Texas law. If Plaintiffs had filed the same claims and pursued the same arguments in *any* federal district court, the presiding court presumably would have dismissed the claims (as this Court did) based on lack of subject matter jurisdiction.[2] *See TKDominion LLC v. Phoenix Aerospace, Inc.*, 2013 WL 592136, *4 & n.2 (N.D. Tex. Feb. 13, 2013) (dismissing for lack of subject matter jurisdiction and rejecting alternative request for transfer "because the proposed transferee court is a federal district [court] and thus lacks jurisdiction to entertain this action. Because diversity of citizenship has not been established, no federal district court can entertain this action."); *see also Squillacote v. United States*, 747 F.2d 432, 439–40 (7th Cir. 1984)

---

[2] This is true even assuming, arguendo, that the applicable state law is material to the federal political question doctrine. *But see Carmichael v. Kellogg Brown & Root Services, Inc.*, 572 F.3d 1271, 1288 n. 13 (11th Cir. 2009) (dismissing suit based on the political question doctrine and noting: "given the uniformity of negligence law among the states, our analysis would remain the same regardless of which state's law applied").

6

("presumably the Federal Circuit would reach the same conclusion we have").

Transferring Plaintiffs' claims to South Carolina at this point, following this Court's dismissal, would not alter the fact that Plaintiffs brought their claims under Texas law, nor would it alter that Plaintiffs repeatedly invoked, relied on, and consented to Texas law. For example, Plaintiffs consented to Fluor's designation of the U.S. Military and other entities as Responsible Third Parties under Texas Civil Practice and Remedies Code § 33.004, *et seq*. *See* ECF 20 (Fluor's motion); ECF 30 (Plaintiff's Notice of Non-Opposition); ECF 31 (Order granting Fluor's motion). And, in dismissing Plaintiffs' claims, the Court repeatedly cited the Responsible Third Party designation, and the accompanying Court order, to support application of the political question doctrine. *See*, *e.g.*, ECF 84 at 10. If this case were transferred to South Carolina, this Court's Responsible Third Party order would not magically disappear; it would continue to govern the proceedings. Plaintiffs do not, and cannot, explain how a South Carolina court could assert subject matter jurisdiction in light of that order. Nor do Plaintiffs attempt to explain how a South Carolina court could assert jurisdiction in light of Plaintiffs' characterizations of their claims in their Complaint and Plaintiffs' litigating positions, which this Court relied on when dismissing the suit.[3]

### 2. A Transfer Would Be Unjust.

Transferring this case would not be in the interests of justice. Congress did not enact the transfer statute to enable calculated forum shopping. Rather, Congress enacted Section 1631 with

---

[3] Plaintiffs are conspicuously silent as to how they could pursue their claims in South Carolina given the numerous obvious hurdles they would face, including, for example, the well-established doctrines of the law of the case, judicial estoppel, and collateral estoppel. *See*, *e.g.*, *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 294 (5th Cir. 2004) (affirming imposition of judicial estoppel to bar party "from arguing against the application of Swiss procedural law [after] repeatedly represent[ing] to the Tribunal and to the district court that Swiss procedural law controlled the arbitration"); *Muniz Cortes v. Intermedics, Inc.*, 229 F.3d 12, 14 (1st Cir. 2000) ("Dismissal for lack of subject matter jurisdiction precludes relitigation of the issues determined in ruling on the jurisdictional question.").

the intent to "protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003). Thus, the transfer statute is commonly invoked in cases involving patent appeals (which must be filed in the Federal Circuit) or large monetary claims against the United States (which must be filed in the Court of Federal Claims).[4] Those scenarios involve "complex or novel jurisdictional provisions," which may excuse a plaintiff's "failure to file [the] action in the proper court." *See Janvey v. Proskauer Rose LLP*, 59 F. Supp. 3d 1, 7-8 (D.D.C. 2014).

Here, there were no "complex or novel jurisdictional provisions" that Plaintiffs overlooked in choosing to file in Texas—a decision they made several months *after* the *Hencely* suit was filed in South Carolina. Plaintiffs were not "confused" as to the proper forum, nor did they "misfile" their suit in Texas. To the contrary, Plaintiffs are represented by three sophisticated Texas-based law firms that boast extensive experience litigating complex tort suits in Texas and around the country. Plaintiffs' counsel understood full well the court system and the laws they were invoking.[5] The transfer statute has no application under these circumstances. *See Schmidt*, 2018 WL 6422705, at *4 ("Here, it appears that [the plaintiff's] primary basis for choosing to file this lawsuit in Florida was the convenience of his attorneys. Any prejudice that [the plaintiff] now suffers is not the result of confusion or an understandably mistaken choice. Rather, true prejudice would be incurred by

---

[4] *See, e.g.*, *Kennedy Heights Apartments, Ltd. I v. McMillan*, 78 F. Supp. 2d 562 (N.D. Tex. 1999) (transferring case for monetary relief to the Court of Federal Claims under § 1631); *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 277 (5th Cir. 2011) ("Where an appeal over which the Federal Circuit has exclusive jurisdiction is taken to this Court in error, we are directed by statute to, 'if it is in the interest of justice, transfer such ... appeal to' the Federal Circuit.").

[5] For example, Plaintiffs' lead counsel held a press conference on the day the lawsuit was filed, during which counsel proclaimed his belief that Plaintiffs' allegations would "resonate with a jury in Dallas." *See* https://www.facebook.com/tonybuzbeehouston/videos/615295782319881/.

the [defendant] were this Court to reopen this lawsuit at this late stage and order the [defendant] to defend itself elsewhere."); *Levy v. SEC*, 462 F. Supp. 2d 64, 66 (D.D.C. 2006) (quoting *Am. Beef Packers, Inc. v. Interstate Commerce Comm'n*, 711 F.2d 388, 390 (D.C. Cir. 1983)) ("The legislative history of § 1631 indicates that Congress contemplated that it would provide assistance to those parties who were 'confused about the proper forum for review.'"); *Roseberry-Andrews v. Wilson*, 292 F. Supp. 3d 446, 457 (D.D.C. 2018) ("Courts have found that transfer is 'in the interest of justice' when, for example, the original action was misfiled by a *pro se* plaintiff or by a plaintiff who, in good faith, misinterpreted a complex or novel jurisdictional provision.").

Plaintiffs' proposed transfer is *contrary* to the interests of justice; it is decidedly <u>un</u>just. Permitting transfer under these circumstances would invite parties to seek second bites at the apple after one court rejects their claims, resulting in needless expense and waste. As the Seventh Circuit explained, such a scenario "would be grossly unfair":

> Transfer in the case before us would give the [movant] a second bite at the apple and only result in needless expense and waste for the [defendants], the judges of the [District of South Carolina], and [this Court]. The [movant] here leaves untouched the merits of the decision, and presumably the [District of South Carolina] would reach the same conclusion we have. Giving the [movant] an additional opportunity to re-argue a decision that has already been fully considered would be grossly unfair.

*Squillacote*, 747 F.2d at 439–40 (dismissing motion to transfer appeal to Federal Circuit that was not filed until after it had been "fully briefed, argued, and decided, and we have issued our published opinion").

Finally, transfer of this suit would be futile because Plaintiffs' claims are *also* barred based on the Federal Tort Claims Act's "combatant activities" exception. The parties fully briefed and argued the merits of this defense. Although the Court elected not to address preemption after it determined it lacked jurisdiction, Fluor's "combatant activities" preemption defense provides an

9

independent basis for dismissal. And this federal preemption defense is not even arguably impacted by applicable state law. By design, the defense preempts *all* state tort law because application of *any* state tort law to this suit would undermine the uniquely federal interests underlying the FTCA.[6] Fluor established the elements of the defense, including that Fluor was "integrated" within the U.S. military operations at Bagram and operating within the scope of its contract. *See*, *e.g.*, ECF 67 at 5-10. Fluor submitted undisputed evidence, including a sworn declaration from the U.S. Army's lead Contracting Officer for the LOGCAP IV Contract, who, *inter alia*, explained: "Fluor augmented and was integrated within the military at Bagram Airfield" and was acting "within the scope of the LOGCAP IV contract." *See* ECF 68-1 ¶¶ 3-7.

The fact that this suit is *also* barred based on "combatant activities" preemption provides this Court with yet another basis for denying Plaintiffs' ill-conceived motion. *See*, *e.g.*, *Schamerhorn v. U.S. Dep't of Army*, 2009 WL 774964, at *7 (W.D. La. Mar. 23, 2009) (denying motion to transfer under Section 1631 "because such transfer would be futile and would most certainly result in the dismissal of those claims by that court"); *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, 2008 WL 691851, at *5 (N.D. Cal. Mar. 12, 2008) ("Dismissal, rather than transfer, may be appropriate where the plaintiff is…acting in bad faith or forum shopping…or where the transfer would be futile because the case would be dismissed even after transfer.").

## CONCLUSION

The Court should deny Plaintiffs' Rule 59(e) motion because there is no ground for altering or amending the final judgment. Further, the Court should reject Plaintiffs' untimely and meritless attempt to seek what would be a futile and wasteful transfer of this case to South Carolina.

---

[6] *See*, *e.g.*, *Saleh v. Titan Corp.*, 580 F.3d 1, 7 (D.C. Cir. 2009) ("the federal government occupies the field when it comes to warfare, and its interest in combat is always 'precisely contrary' to the imposition of a non-federal tort duty") (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 509 (1988); *accord In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 349 (4th Cir. 2014).

Respectfully submitted,

**HARTLINE BARGER LLP**

*/s/ Darrell L. Barger*
Darrell L. Barger (*Attorney-in-charge*)
State Bar No. 01733800
J. Reid Simpson
State Bar No. 24072343
1980 Post Oak Blvd.
Suite 1800
Houston, Texas 77056
(713) 759-1990
(713)652-2419 (Fax)
dbarger@hartlinebarger.com
rsimpson@hartlinebarger.com

Brian Rawson
State Bar No. 24041754
8750 N. Central Expy.
Suite 1600
Dallas, Texas 75231
(214) 369-2100
(214) 369-2118 (Fax)
brawson@hartlinebarger.com

**COVINGTON & BURLING LLP**

**RAYMOND B. BIAGINI**
DC Bar No. 480967 (*admitted pro hac vice*)
rbiagini@cov.com
**DANIEL L. RUSSELL JR.**
DC Bar No. 491655 (*admitted pro hac vice*)
drussell@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Phone: 202-662-6000
Fax: 202-662-6291

*Counsel for the Fluor Defendants*

11

## Certificate of Service

The undersigned certifies that on February 18, 2021, Fluor served a true and correct copy of the foregoing document on all known counsel of record via the Northern District's CM/ECF filing service under the Federal Rules of Civil Procedure and the Northern District Local Rules.

*/s/ Darrell L. Barger*
Darrell L. Barger