**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| Charlotte Loquasto, et al. | § | |
| | § | |
| Plaintiffs, | § | Civil Action No.  3:19-CV-01455-B |
| | § | |
| vs. | § | (Consolidated with |
| | § | Civil Action No.  3:19-CV-01624-B) |
| Fluor Corporation, Inc., et al. | § | |
| | § | |
| Defendants. | § | |


**ALLIANCE PROJECT SERVICES, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION**
**FOR NEW TRIAL, TO ALTER, AMEND OR VACATE ORDER,**
**AND TO TRANSFER VENUE**
_____

Alliance Project Services, Inc. ("APS") submits this memorandum in opposition to Plaintiffs' Motion For New Trial, To Alter, Amend Or Vacate Order, And To Transfer Venue.

## INTRODUCTION AND SUMMARY POSITION

Plaintiffs' two-fold motion is an ill-fated attempt to circumvent this Court's dispositive Order and Judgment and transplant their litigated Texas action to South Carolina in hopes for a different result.  The motion is properly denied for four principal reasons.

First, Plaintiffs do not mention—let alone meet their burden of demonstrating—the necessary circumstances to justify the extraordinary remedies they seek under Rule 59 of the Federal Rules of Civil Procedure.  With only a passing reference to Rule 59, Plaintiffs seek the extraordinary remedies of i) vacating the Court's Memorandum Opinion And Order, and ii) reviving their dismissed actions from the Final Judgment entered by the Court.[1]  However, their

_____

[1] *See* proposed order filed in conjunction with Plaintiffs' motion.  (Dkt. 86-1.)

Motion is devoid of any justification for the requested relief.

Second, Plaintiffs' motion to transfer the action to South Carolina pursuant to 28 U.S.C. § 1631 fails as a matter of law because the proposed transferee court (South Carolina[2]) does not have personal jurisdiction over APS.  As a fundamental prerequisite for transferring a case, this Court must first determine that South Carolina has personal jurisdiction over each and all Defendants for the claims asserted in the Complaints at issue.[3]  However, Plaintiffs did not—and cannot—make this required showing; South Carolina lacks personal jurisdiction over APS for the claims asserted in the Complaints.  Because this prerequisite is lacking, the transfer cannot be made as a matter of law, and the motion must be denied.

Third, Plaintiffs' motion to transfer the action fails as a matter of law because subject matter jurisdiction is lacking over Plaintiffs' claims, which were brought under Texas law.[4]  As this Court has ruled, Plaintiffs' claims are barred under the political question doctrine.  Plaintiffs make no showing that faced with the same claims under Texas law, a South Carolina court would find subject matter jurisdiction.

Fourth, the interests of justice are not served by transferring this action to South Carolina.

---

[2]  APS is not a party to the *Hencely v. Fluor Corp.., Inc.* case venued in South Carolina.  (*See* Memorandum Opinion And Order, p. 18 (Dkt. 84).)  (*See* Plaintiffs' Supplement To Their Response To Defendants' Rule 12(b)(1) Motion to Dismiss at p. 2 n.3) (Dkt. 60-1).) (*See also* Dkt. 60-2.)

[3]  The relevant Complaints are the *Loquasto* Complaint originally filed in the 14th District Court, Dallas County, Texas ("*Loquasto* Complaint") and removed to this Court, (*see* Dkt. 1-3, at pp. 2–44), and the *Branch* Complaint originally filed in 14th District Court, Dallas County, Texas ("*Branch* Complaint") and removed to this Court, (*see Branch v. Fluor, et al.*, 3:19-cv-01624-B, Dkt. 1-3, at pp. 5–16.)  The Court consolidated the *Loquasto* and *Branch* actions.  (*See* Order dated July 15, 2019) (Dkt. 10.)

[4]  "Plaintiffs here brought their negligence claims in Texas under Texas law."  (*See* Memorandum Opinion And Order, p. 19 (citing, generally, Plaintiffs' Complaints (Dkt. 84).)

Accordingly, APS respectfully submits that Plaintiffs' motion, in its entirety, should be denied.

## LEGAL ARGUMENT

### I. PLAINTIFFS' CURSORY MOTION IS LEGALLY DEFICIENT TO SUPPORT THE "EXTRAORDINARY" REMEDIES THEY SEEK UNDER RULE 59.

Plaintiffs' Motion mentions Rule 59 once and only generally.  (Pls' Motion at p. 1) (Dkt. 86) ("Pursuant to Federal Rule of Civil Procedure 59, the Plaintiffs file this Motion for New Trial, to Alter, Amend or Vacate Order . . . with respect to this Court's January 8, 2021 Order granting Defendants' Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction under the political-question doctrine.")  Yet, Rule 59 of the Federal Rules of Civil Procedure has five subparts.  *See* Fed. R. Civ. P. 59 (a)–(e).  The only arguably applicable subdivision to Plaintiffs' motion is Rule 59(e).[5]

 "To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact."  *Romanowski v. Wells Fargo Bank, N.A.*, No., 3:18-CV-1567-D, 2019 WL 3429064, at *1 (N.D. Tex. July 30, 2019) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)); *see Demahy v. Schwarz Pharma, Inc.*, 702 F. 3d 177, 182 (5th Cir. 2012) (citation omitted) (same).  Rule 59(e) motions "have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Arrieta v. Yellow Transp., Inc.*, No. 3:05-CV-2271-D, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (quoting *AMS Staff Leasing, NA v. Associated Contract Truckmen, Inc.*, No. 3:04-CV-1344-D, 2005 WL 3148284, at *3 (N.D.

---

[5] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Tex. Nov. 21, 2005)). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see Advocare Int'l LP v. Horizon Labs, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (same). While a court has discretion to grant relief under Rule 59(e), courts have repeatedly cautioned that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F. 3d 473, 479 (5th Cir. 2004) (citations omitted); *see Sterling v. United States of Am.*, No. 3:18-CV-0526-D, 2020 WL 2425648, at *2 (N.D. Tex. May 12, 2020) (same and citing cases), *aff'd*, 834 F. App'x 83 (5th Cir. 2020); *Romanowski*, 2019 WL 3429064, at *1 (same).

Plaintiffs do not mention—let alone meet their burden of demonstrating—the existence of any of the three circumstances that must exist to warrant the extraordinary relief justifying the grant of Plaintiffs' motion to amend or vacate the Court's Memorandum Opinion And Order and reopen the Final Judgment entered by the Court. One, Plaintiffs do not posit any new controlling law. Two, Plaintiffs do not present any fact or information that was not already before the Court when the Court issued the Order and Judgment. Rather, Plaintiffs' brief sets forth what Plaintiffs characterize as the "procedural background" of the case. (*See* Pls' Br. at pp.1–2.) (Dkt. 86.)

Three, Plaintiffs have neither identified nor demonstrated that this Court made a "manifest error in law" in granting Defendants' motion to dismiss for lack of jurisdiction as set forth in the Court's Memorandum Opinion And Order, (Dkt. 84), or in entering Final Judgment, (Dkt. 85). Plaintiffs do not advocate any rationale for altering or vacating the Memorandum Opinion and Order or Judgment. Impliedly, Plaintiffs' seek vacation of the Court's Order and resulting Judgment because they disagree with the result. However, a Rule 59(e) motion is not a

4

proper vehicle to reopen a matter that was resolved to the movant's dissatisfaction. *See Templet*, 367 F.3d at 479; *Sterling*, 2020 WL 2425648, at *1 (Rule 59(e) motions "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been represented earlier") (quoting *Arrieta*, 2009 WL 129731, at *1 (further citations omitted)).

Plaintiffs do not mention the high standard for altering or vacating an order or judgment pursuant to Rule 59 nor advocate that such rare situation exists here. Indeed, the high standard is not satisfied. Simply put, Plaintiffs' 4-page[6] brief is devoid of any facts, law, or analysis that is required to support relief under Rule 59(e). *See Sterling*, 2020 WL 2425648, at *1 ("The movant must demonstrate valid reasons to justify the court's reconsideration of a prior ruling.") (citation omitted). As the moving party, Plaintiffs have not met their burden, and their motion is legally deficient.

Because Plaintiffs do not satisfy the threshold issue of vacating the Order and Judgment, Plaintiffs' Motion seeking transfer of the action cannot be granted. No further inquiry on the transfer motion is needed. Yet, other considerations also support denial of the transfer Motion.

## II. PLAINTIFFS' MOTION TO TRANSFER THIS ACTION TO SOUTH CAROLINA PURSUANT TO 28 U.S.C. § 1631 FAILS AS A MATTER OF LAW.

Plaintiffs request this Court transfer this litigated Texas action to South Carolina pursuant to 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court […] and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court […] in which the action or appeal could have been brought at the time it was filed or noticed ….

28 U.S.C. § 1631.

---

[6] One of the pages is the signature block.

The threshold question on a motion to transfer is whether the action as pleaded in the complaint at issue could have been brought in the proposed transferee district. *See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017). On this issue, transfer requests pursuant to 28 U.S.C. §§1404(a) and 1406(a) are analogous. *See Finch v. Davidson Cty. Sheriffs Dep't*, No. 3:20-CV-91-B-BN, 2020 WL 690658, at \*2 (N.D. Tex. Jan. 21, 2020), *report and recommendation adopted*, No. 3:20-CV-91-B, 2020 WL 636915 (N.D. Tex. Feb. 11, 2020) (citing *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).")).

### A.   Because South Carolina Does Not Have Personal Jurisdiction Over APS, The Motion To Transfer Must Be Denied.

A transfer may not be granted where the transferor court (here, this Court) does not first satisfy itself that the proposed transferee court (here, South Carolina) has personal jurisdiction over each defendant for the claims asserted in the complaint at issue. *See TransFirst Grp., Inc.*, 237 F. Supp. 3d at 456; *see also Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 794 n.16 (10th Cir. 1998) ("When transferring under § 1631 for lack of personal jurisdiction, the district court seeking to effect the transfer is therefore required to first satisfy itself that the proposed transferee court has personal jurisdiction over the parties."); *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012) (same) (citations omitted); *see generally Pugh v. Arrow Elecs., Inc.*, 304 F. Supp. 2d 890, 896 (N.D. Tex. 2003) (a transfer pursuant to 28 U.S.C. § 1406(a) requires, *inter alia*, that the defendant be subject to personal jurisdiction and service" in the transferee court); *Allcapcorp Co. v. CHC Consulting*, No. 3:17-CV-0757-S-BH, 2019 WL 417995, at \*4 (N.D. Tex. Jan. 10, 2019), *report and recommendation adopted*, No. 3:17-CV-0757-S-BH, 2019 WL 415819 (N.D. Tex. Feb. 1, 2019) (analyzing transfer under 28 U.S.C. § 1404 and noting that "[i]t is well-determined that a transferee court must have jurisdiction over

each defendant in the transferred complaint"); *Heritage Life Ins. Co. v. Walker*, No. CIV.A. 3:04CV1732-L, 2005 WL 598248, at *1 (N.D. Tex. Mar. 11, 2005) ("The transferee forum must be one in which venue and personal jurisdiction would have been satisfied as to all defendants at the time the action was filed in the transferor court"); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1394 (S.D. Tex. 1992) (transfer under 28 U.S.C. § 1404(a) cannot be granted "unless, at the time suit was filed, venue could have been properly laid in the proposed transferee court and that court could have exercised subject matter jurisdiction over the action and personal jurisdiction over all the defendants") (citation omitted); *Hurt v. Mississippi John Hurt Found.*, No. 3:19-CV-1722-K-BN, 2019 WL 3948342, at *1 (N.D. Tex. July 25, 2019), *report and recommendation adopted*, No. 3:19-CV-1722-K, 2019 WL 3947487 (N.D. Tex. Aug. 21, 2019) (analyzing transfer under 28 U.S.C. § 1406(a) and personal jurisdiction of transferee court).

As the party seeking the transfer, Plaintiffs have the burden to establish that the claims as pleaded in the Complaints could have been brought in South Carolina. As a matter of law, Plaintiffs cannot do so. The Complaints are devoid of any allegation connecting APS to South Carolina. Nothing in the Complaints suggest—much less demonstrate—that APS is subject to personal jurisdiction of a court located in South Carolina.[7] Indeed, as set forth below, it does not.

South Carolina does not have general personal jurisdiction over APS. APS is not "at home" in South Carolina. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132–34 (4th Cir. 2020) (analyzing South Carolina's exercise of general jurisdiction over a corporation) (citing *Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).) APS is a corporation organized under the laws of Delaware, and

---

[7] As noted above, APS is not a party to the *Hencely* action.

its principal place of business is located in Leesburg, Virginia.  (*See* Declaration of Tod Nickles, as the President and Chief Executive Officer of APS, in Support of Alliance Project Services, Inc.'s Opposition To Plaintiffs' Motion For New Trial, To Alter, Amend Or Vacate Order, And To Transfer Venue ("Nickles Decl.") ¶ 3, Ex. 1 to the Appendix ("App."); *see also Loquasto* Compl. at p. 21; *Branch* Compl. at pp. 5–6.)  Stated conversely, APS is not incorporated in South Carolina nor is its principal place of business located in South Carolina.  (*See* Nickles Decl. ¶ 3 (App. 2.)  APS has no office located in South Carolina nor has any employees located in South Carolina.  (*Id.* ¶¶ 4–5 (App. 2.)  As such, South Carolina cannot exercise general personal jurisdiction over APS.

South Carolina does not have specific personal jurisdiction over APS.  South Carolina courts can exercise jurisdiction over APS if APS "has purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."  *Fidrych*, 952 F.3d at 138 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation and internal quotation omitted).)  For such analysis, South Carolina courts "consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable."  *Id.* (quoting *Perdue Foods, LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (internal quotation marks omitted).)  Measured against these three considerations, South Carolina cannot exercise specific personal jurisdiction over APS.

First, APS does not purposefully avail itself in conducting activities in South Carolina.  In addition to the absence of a connection with South Carolina noted above, APS does not have an account at a bank located in South Carolina.  (Nickles Decl. ¶ 6 (App. 2).)  APS is not registered

to do business in South Carolina and does not have an appointed agent for service of process in South Carolina.  (*Id.* ¶ 7 (App. 2.))  APS does not direct advertising to the State of South Carolina.  (*Id.* ¶ 8 (App. 2.))  APS operates a website used only for providing information, advertising, and allowing a potential customer to contact APS and does not allow a user to consummate a transaction with APS for its products or services.  (*Id.* ¶ 9 (App. 2).)  APS does not engage in activities directed at South Carolina to justify courts in the state exercising personal jurisdiction over it.  (*See id.* ¶¶ 3–14 (App. 2-3).)

Second, and fatal to Plaintiffs' transfer motion, there are no allegations in the *Loquasto* Complaint and the *Branch* Complaint demonstrating that Plaintiffs' claims arise out of APS's activities directed at South Carolina.  The allegations in the Complaints are based only on alleged "negligence/gross negligence," (*Branch* Compl. at p. 10; *Loquasto* Compl. at p. 30), that allegedly occurred "at the Bagram Air Base in Afghanistan."  (*Branch* Compl. at p. 1; *Loquasto* Compl. at p. 2).  Indeed, the claims in the Complaints address APS's alleged actions and in-actions that occurred in Bagram, Afghanistan.  (*See Loquasto* Compl.; *Branch* Compl.)  In describing the claims to this Court, Plaintiffs characterized their "lawsuit [as being] about the Defendants' failure to properly supervising Ahmad Nayeb at the time of the explosion," (Plaintiffs' Response to Defs.' Rule 12(b)(1) Motion to Dismiss and Summary-Judgment Motion at p. 1) (Dkt. 57), that occurred "at the Bagram Air Base in Afghanistan," (*Branch* Compl. at p. 1; *Loquasto* Compl. at p. 2).  There is absolutely no act alleged in the Complaints that arise out of any APS activity in South Carolina.

Third, for the above reasons, South Carolina could not exercise personal jurisdiction over APS for the claims asserted in the Complaints without violating constitutional protections.

Because Plaintiffs did not satisfy the threshold issue of demonstrating that the claims alleged in the Complaints could have been brought in South Carolina—notably against APS—the requested transfer must be denied. No further inquiry on the transfer motion is needed. Yet, other considerations also support denial of the request.

### B. Plaintiffs' Claims Under Texas Law, As Pleaded In The Complaints, Are Barred By The Political Question Doctrine, Resulting In Courts Not Having Subject Matter Jurisdiction Over The Action.

As a condition of transfer, this Court must determine that the transferor court has subject matter jurisdiction over Plaintiffs' claims as pleaded in the Complaints. Based on Supreme Court decisions and as interpreted by other courts, this Court found that Plaintiffs' claims, which were brought under Texas law,[8] are barred from adjudication under the political question doctrine.[9] (*See* Memorandum Opinion And Order) (Dkt. 84.) For the same reasons that this Court determined that it lacked subject matter jurisdiction over Plaintiffs' claims as pleaded in the Complaints, other courts likewise lack subject matter jurisdiction over such same claims as pleaded in the Complaints. Plaintiffs have not suggested that a South Carolina court would make a different ruling on the question of subject matter jurisdiction under the political question

---

[8]  Plaintiffs intentionally chose to commence their action in Texas state court specifically invoking and committing to Texas state law as applicable to their claims. (*See Loquasto* Compl. at pp. 5, 21, 37; *Branch* Compl. at pp. 4, 6, 11.) Following the removal to this Federal Court, Plaintiffs represented to the Court: "*Plaintiffs do not challenge jurisdiction or venue*, and do not contend that there are any procedural defects in the removal." (Parties' Joint Status Report, at p. 3, ¶2) (emphasis added) (Dkt. 24.) (*See also* Plaintiffs' Response to Defendants' Rule 12(b)(1) Motion to Dismiss and Summary-Judgment Motion, at pp. 1, 13) (Dkt. 57) (describing Plaintiffs' claims under Texas law.)

[9]  (*See* Memorandum Opinion and Order dated January 8, 2021 (Dkt. 84).) This Court ruled that "this case presents a political question under the second *Baker* factor," referencing the United States Supreme Court case *Baker v. Carr*, 369 U.S. 186 (1962). (Dkt. 84 at p. 17.) As with this Court, *Baker* is binding precedent on a court located in South Carolina.

doctrine when presented with claims as pleaded under Texas law. Because subject matter jurisdiction is lacking, a transfer would be impermissible.[10]

Thus, it is unnecessary to evaluate the additional considerations for assessing the requested transfer. Yet, those considerations also require denial of the transfer.

## III. PLAINTIFFS' MOTION TO TRANSFER THE ACTIONS TO SOUTH CAROLINA IS NOT SUPPORTED BY THE INTERESTS OF JUSTICE.

If the transferor court has determined that the transferee court has both subject matter jurisdiction over the claims and the transferee court has personal jurisdiction over all of the defendants in regard to the pleaded claims, then—and only then—the transferor court must determine whether transferring the action "would be in the interest of justice." *See TransFirst Group, Inc.*, 237 F.Supp.3d at 456. Here, justice is not served by transferring these actions to South Carolina; it would be unjust.

Plaintiffs intentionally chose to file their claims in Texas and under Texas law. With knowledge of the *Hencely* lawsuit having been commenced in the South Carolina District Court in February 2019, and knowing that Plaintiffs would immediately face a motion to dismiss based on the political question doctrine, Plaintiffs nevertheless intentionally chose to commence their action in Texas state court in June 2019, specifically invoking and committing to Texas state law as applicable to their claims. (*See Loquasto* Compl. at p. 5; p. 21 ("Venue is proper in Dallas County, Texas"); at p. 37 citing Texas procedure); *See Branch* Compl. pp. 3, 4, 6, 11 (same).) Additionally, following the removal to this Court and knowing that Defendants were seeking to dismiss the actions based on lack of subject matter jurisdiction under the political question doctrine, Plaintiffs represented to the Court: "*Plaintiffs do not challenge jurisdiction or venue,*

---

[10] There are additional reasons to deny the Motion to transfer, including that the claims are barred under combatant activities preemption as addressed in other briefing that has been submitted to the Court. (*See* Dkts. 45, 67, 81, 87.)

and do not contend that there are any procedural defects in the removal." (Parties' Joint Status Report, at p. 3, ¶2) (emphasis added) (Dkt. 24.)

Plaintiffs also embraced Texas comparative fault and agreed to the Military being designated a responsible third party under Texas law. Faced with the Motion under Texas law To Designate The United States Military, Ahmed Nayeb, and Unknown Criminal Actors as Responsible Third Parties, (Dkt. 20), Plaintiffs advised the Court "that [Plaintiffs] do not oppose the relief sought in the Fluor Defendants' Motion for Leave to Designate Responsible Third Parties, filed on August 19, 2019 (Dkt. 20)," (Dkt. 30.) Noting no opposition to the request, the Court granted "Defendants LEAVE to designate the United States Military [and others] as responsible third parties under [Texas Civil Practice and Remedies Code] § 33.004." (Order dated Sept. 27, 2019 (Dkt. 31).) This Order remains part of this action, and Plaintiffs have not sought to vacate it.

The parties have litigated these actions for 18 months before this Court under Texas law. At no time before Judgment was entered did Plaintiffs suggest a transfer was appropriate. The interests of justice do not justify an attempt to litigate the same claims as pleaded in the Complaint under Texas law in another forum, particularly in a jurisdiction that does not have personal jurisdiction over APS.

**THEREFORE**, APS respectfully requests that the Court deny Plaintiffs' Motion.

File Date:  February 18, 2021

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:  _/s/ C. Dunham Biles_
C. Dunham Biles
State Bar No. 24042407
David Grant Crooks
State Bar No. 24028168
Saint Ann Court
2501 N. Harwood Street
Suite 1800
Dallas, Texas 75201
972-991-0889 – Phone
972-404-0516 – Fax
cbiles@foxrothschild.com
dcrooks@foxrothschild.com

-AND-

Kathy S. Kimmel, (Admitted *Pro Hac Vice*)
Fox Rothschild, LLP
222 South Ninth Street, Suite 2000
Minneapolis, Minnesota 55402
612-607-7306 – Phone
612-607-7100 – Fax
kkimmel@foxrothschild.com

***Attorneys for Alliance Project Services, Inc.***

## CERTIFICATE OF SERVICE

I certify that on this 18th day of February 2021, a true and correct copy of the foregoing document was served on counsel of record for the parties through the CM/ECF system in accordance with the Federal Rules of Civil Procedure.

_/s/ C. Dunham Biles_

119520867.v2-2/18/21