UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLOTTE LOQUASTO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1455-B |
| | § | (Consolidated with 3:19-CV-1624-B) |
| FLUOR CORPORATION, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for New Trial, to Alter, Amend or Vacate Order, and to Transfer Venue (Doc. 86). For the reasons that follow, the motion is **DENIED**.

I.

BACKGROUND

The Court has recounted the unfortunate facts underlying this dispute twice before. *See* Doc. 38, Mem. Op. & Order, 1–4; Doc. 84, Mem. Op. & Order, 1–5. In short, Plaintiffs in this personal-injury suit are injured civilians and soldiers, as well as family members of those injured and killed in a 2016 suicide bombing perpetrated by an Afghan national on a United States air base in Afghanistan. Doc. 84, Mem. Op. & Order, 1–3. Plaintiffs brought negligence claims against Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc. (collectively, "Fluor"), military contractors, and Alliance Project Services, Inc. ("Alliance"), a military subcontractor, for their respective roles in the bombing. Doc. 1-3, Pls.' Pet., 20–21, 24–25, 30–31.

By memorandum opinion and accompanying final judgment dated January 8, 2021 (hereinafter "the Opinion" and "the Final Judgment"), the Court dismissed Plaintiffs' claims without prejudice on the ground that the Court lacks subject-matter jurisdiction under the political-question doctrine. *See generally* Doc. 84, Mem. Op. & Order; Doc. 85, J. In sum, because Plaintiffs brought their claims under Texas law (which permits apportionment of fault in a negligence case to a third party, including the military), and the military was a properly designated responsible third party in this case, Plaintiffs' claims would necessarily require the Court to second-guess military judgment. Doc. 84, Mem. Op. & Order, 14, 19. This is not permissible under the political-question doctrine. *Id.* at 14.

In reaching its holding, the Court acknowledged that an analogous case against Fluor arising out of the same suicide bombing event survived a political-question challenge by Fluor in the District of South Carolina. *Id.* at 18 (citing *Hencely v. Fluor Corp., Inc.*, 2020 WL 2838687 (D.S.C. June 1, 2020)). However, the Court explained that *Hencely* involved negligence claims brought under South Carolina law. *Id.* at 18–19. And the Court pointed out that the district court in *Hencely* explicitly "distinguishe[d] South Carolina's negligence regime," which does not allow apportionment of fault to the United States as a nonparty, "from those states that employ 'a proportional liability system that allocates liability based on fault.'" *Id.* at 19 (quoting *Hencely*, 2020 WL 2838687, at *14). The Court declined to follow *Hencely* because of this difference in Texas's and South Carolina's negligence regimes. *Id.*

Now, Plaintiffs ask the Court to vacate the Opinion and the Final Judgment dismissing Plaintiffs' claims under the political-question doctrine. *See* Doc. 86, Pls.' Mot., 1. They further ask the Court to transfer this action to the District of South Carolina on the ground that the "Court has

noted that another federal court in South Carolina has found that it has subject matter [jurisdiction] to consider the claims of an identically-situated plaintiff who was injured in the same incident." *Id.* at 3. In their motion, Plaintiffs do not cite legal authority supporting vacature of the Opinion and Final Judgment, *see generally id.*, but they clarify in their reply that the "Court has plenary power to reconsider its prior rulings," and "nothing prohibits this Court from" doing so. Doc. 90, Pls.' Reply, 1–2.[1] Plaintiffs invoke 28 U.S.C. § 1631 in support of their transfer request. Doc. 86, Pl.'s Mot., 3. Plaintiffs' motion is fully briefed and ripe for review. For the reasons that follow, it is **DENIED**.

## II.

## LEGAL STANDARDS

A.      *Rule 59(e)*

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. A judgment may be altered or amended under Rule 59(e) to correct a manifest error of law or fact, account for newly discovered evidence, or accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Critically, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). In other words, the Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479. Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter

---

[1] Both Fluor and Alliance defend Plaintiffs' motion on the grounds that Plaintiffs have not met the requirements of Federal Rule of Civil Procedure 59(e). Doc. 87, Fluor Resp., 5; Doc. 88, Alliance Resp., 3.

or amend a judgment.'" *Sanders*, 2005 WL 6090228, at *1 (quoting *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

B.      *28 U.S.C. § 1631*

When a court finds that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. It is within the district court's discretion to transfer under § 1631. *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Deciding whether to transfer a case under § 1631 requires a court to determine whether the transferee court has jurisdiction over the action and whether venue is proper there. *See TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017) (noting that transfer under § 1631 was proper in part because "venue [was] proper" in the transferee district). "In some cases, 'the interests of justice may be best served by requiring the plaintiff[] to begin at the beginning in the proper forum.'" *Orix Pub. Fin., LLC v. Lake Cnty. Hous. & Redevelopment Auth.*, 2011 WL 3628958, at *8 (N.D. Tex. Aug. 16, 2011) (quoting *Caldwell*, 811 F.2d at 919).

## III.

## ANALYSIS

A.      *The Court Declines to Vacate the Opinion and Final Judgment.*

According to Plaintiffs, "[t]his Court has plenary power to reconsider its prior rulings," and "nothing prohibits this Court from" doing so. Doc. 90, Pls.' Reply, 1–2. Even if "nothing prohibits" the Court from vacating the Opinion and Final Judgment, nothing compels it to do so either.

First, the Court is not satisfied that reconsideration is appropriate. Plaintiffs cite *EEOC v. H.B. Zachry Co.*, 1988 WL 156331, at *1 n.1 (W.D. Tex. Oct. 14, 1988) and *U.S. Bank National*

*Association v. Verizon Communications, Inc.*, 761 F.3d 409, 429 (5th Cir. 2014) in support of their position that the Court has plenary power to reconsider its prior orders. Neither is availing.

*H.B. Zachry* involved a motion for reconsideration that "d[id] not specify which of the federal rules g[ave] the Court a basis for reconsideration." 1988 WL 156331, at *1. In reviewing possible authority for reconsideration and finding none in the Federal Rules, the district court noted in passing that "district courts have long been recognized to have inherent and plenary power to reconsider their orders." *Id.* at *1 n.1 (citing *Above the Belt, Inc. v. Mel Bohanon Roofing, Inc.*, 99 F.R.D. 101 (E.D. Va. 1983); *Seymour v. Potts & Callahan Contracting Co.*, 2 F.R.D. 38 (D.D.C. 1941)). Nonetheless, the district court declined to reconsider the order at issue on the ground that the order was correct. *See id.* at *1–2. Likewise, here, the Opinion and Final Judgment are correct. Plaintiffs do not argue otherwise.

*Verizon Communications* addressed the district court's discretion to reconsider summary judgment rulings. 761 F.3d at 428. It enumerated factors, deriving from Federal Rule of Civil Procedure 60, for a court to consider when determining whether to reconsider a final summary judgment order. But the court noted that "a request to reconsider a non-final, non-appealable partial summary judgment order remains within the plenary power of the district court to revise or set aside in its sound discretion without any necessity to meet the requirements of Fed. R. Civ. P. 60(b)." *Id.* at 429 (internal quotation marks and citation omitted). Here, no party advocates for application of Rule 60. And the Court, in its "sound discretion," declines to exercise any "plenary power" it may have to "revise or set aside" the Opinion and Final Judgment. *See id.*

Second, no provision of Rule 59(e) warrants vacating the Opinion and Final Judgment. Plaintiffs allege no "manifest error of law or fact," "newly discovered evidence," or "intervening

change in the controlling law." *Schiller*, 342 F.3d at 567 (citations omitted). To the contrary, Plaintiffs seek reconsideration of the Opinion and Final Judgment for the sole purpose of transferring this action to the District of South Carolina. *See generally* Doc. 86, Pls.' Mot. But Plaintiffs were aware of the *Hencely* decision before the Court entered the Opinion and the Final Judgment. *See* Doc. 63, Pls.' Suppl. Resp., 1–2. Assuming *arguendo* that transfer to the District of South Carolina is appropriate, Plaintiffs could have asked for such relief upon learning of *Hencely* or raised such an argument in response to Defendants' motion to dismiss under the political-question doctrine. Plaintiffs did neither. And Rule 59(e) is not a vehicle to litigate matters that should have been raised earlier. *Sanders*, 2005 WL 6090228, at *1 (citing, *inter alia*, *Templet*, 367 F.3d at 479).

B.     *In Any Event, Transfer Is Inappropriate.*

Plaintiffs seek transfer under § 1631 on the ground that the "Court has noted that another federal court in South Carolina has found that it has subject matter [jurisdiction] to consider the claims of an identically-situated plaintiff who was injured in the same incident." Doc. 86, Pls.' Mot., 3. But the Court is not convinced that Plaintiffs' claims could have been brought in the District of South Carolina because it is not clear that the District of South Carolina has subject-matter jurisdiction over Plaintiffs' claims as currently pleaded.

That the District of South Carolina found subject matter-jurisdiction existed over similar negligence claims against Fluor arising from the bombing does not mean that the District of South Carolina would necessarily find subject-matter jurisdiction over *Plaintiffs*' claims. As the Court has explained, Texas's negligence regime, and the designation of the military as a responsible third party in this matter, are the dispositive factors to the Court's holding in the Opinion. Incredibly, Plaintiffs now argue that they have not brought their negligence claims under Texas law, but rather they "have

-6-

sued for negligence and gross negligence generally." Doc. 90, Pls.' Reply, 3. Putting aside the inquiry of whether one may even bring a cause of action not grounded in a particular statutory scheme or common-law rule, it is clear from the record that Plaintiffs *have* grounded their negligence claims in Texas law. *See* Doc. 1-3, Pls.' Pet., 27 (invoking "Texas law" for award of damages); Doc. 30, Pls.' Notice, 1 (consenting to Fluor's naming the military a responsible third party under Texas law).

Were this Court to transfer the case to the District of South Carolina, Plaintiffs' petition would remain the operative pleading, and the District of South Carolina would preside over Plaintiffs' Texas negligence claims. Plaintiffs are correct that if a choice-of-law issue arose upon transfer under § 1631, the District of South Carolina would apply South Carolina's own choice-of-law rules. *See EH Nat'l Bank v. Tran*, 2016 WL 4138634, at *5 (N.D. Tex. Aug. 4, 2016) (citations omitted). Importantly, however, this does *not* mean that the District of South Carolina would automatically apply South Carolina's negligence rules upon transfer. It means that the District of South Carolina would apply South Carolina's *choice-of-law* rules in determining which state's law to apply. It is not clear, however, whether such an analysis would be necessary or how it would result. Thus, the Court cannot determine that subject-matter jurisdiction exists in the District of South Carolina, and consequently the Court cannot determine whether that this action could have been brought in the District of South Carolina. Transfer is inappropriate.

## IV.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for New Trial, to Alter, Amend or Vacate Order, and to Transfer Venue (Doc. 86) is **DENIED**. The Court emphasizes that Plaintiffs' claims have been dismissed without prejudice. Thus, Plaintiffs may bring their claims anew in a court with proper

jurisdiction, styling those claims under an appropriate state's laws. This Court, however, lacks subject-matter jurisdiction over Plaintiffs' claims as pleaded, and it declines to assess jurisdiction on behalf of another forum.

        SO ORDERED.

        SIGNED: March 17, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE